UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| REGINALD EARL RICE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 14-31-ART |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT FARLEY, | ) | **MEMORANDUM OPINION** |
| Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent.[1] | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Reginald Earl Rice is an inmate confined at the United States Penitentiary-Big Sandy in Inez, Kentucky. Proceeding without counsel, Rice has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and he has paid the filing fee. *See* Rs. 1, 3. Pursuant to Rule 201(c) of the Federal Rules of Evidence, Rice also moves for judicial notice of various legal propositions—related to the arguments behind his habeas petition—regarding jurisdiction and standing, and he requests a hearing under Rule 201(e). *See* R. 2. The rule, however, only authorizes judicial notice of "adjudicative fact[s]," not of legal conclusions. Fed. R. Evid. 201(a). The Court will therefore deny Rice's motion for judicial notice.

To the extent Rice's motion also requests oral argument regarding his habeas petition, that request is similarly denied because his petition fails to pass screening. The Court has an initial duty to screen the merits of habeas petitions, *see* 28 U.S.C. § 2243, and accordingly

---

[1] In an action brought pursuant to § 2241, the petitioner must name as respondent the person who holds them in custody. *See* 28 U.S.C. § 2242; § 2243 (the writ or order to show cause is to be directed "to the person having custody of the person detained"). The warden of the facility at which a prisoner is currently serving his sentence is his custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). The Court has accordingly substituted for the United States the proper respondent in this case, the warden of USP-Big Sandy.

must dismiss Rice's petition "[i]f it plainly appears . . . that [he] is not entitled to relief." Rules Governing § 2254 Proceedings, Rule 4 (made applicable to § 2241 petitions pursuant to Rule 1(b)). Because Rice is not represented by an attorney, however, the Court reviews his petition leniently. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts his factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Rice was convicted in the District of South Carolina of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a), and he was sentenced to life in prison. *See United States v. Rice*, 325 F. App'x 210 (4th Cir. 2009) (affirming his conviction). He now alleges the district court's sentence was unconstitutional because the court lacked jurisdiction over his case. Such jurisdictional attacks lie at the historical core of the writ of habeas corpus. *See* Paul M. Bator, *Finality in Criminal Law and Federal Habeas Corpus for State Prisoners*, 76 Harv. L. Rev. 441, 461 (1963) ("[I]t is one of the historic functions of a court on habeas corpus to pass on the jurisdiction of the committing tribunal . . . ."). Rice specifically contends that the lead Assistant United States Attorney on his case lacked Article III standing to bring the criminal charges against him. *See* R. 1. According to Rice, the AUSA lacked standing because she suffered no particularized injury from Rice's alleged violation of federal law, and thus, without any individual harm, she alleged only a generalized grievance which is insufficient to satisfy the Constitution's "case or controversy" requirement. *Id.* at 4–6, 9–17.

To begin with, Rice's § 2241 petition fails simply because this type of constitutional challenge to the imposition of his sentence is properly brought not pursuant to § 2241 but

2

under 28 U.S.C. § 2255, and nothing suggests in this case that § 2255 is "inadequate or ineffective to test the legality of his detention" (other than Rice's mere say-so, *see* R. 1 at 2). *See Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). Regardless, Rice's challenge to his sentence based on standing also plainly fails on the merits—although his jurisdictional argument is remarkably sophisticated.

Contrary to Rice's argument, the plaintiff in a federal criminal action is the United States, not the government attorney working on the case (or the victim of the crime, as he also suggests, *see* R. 1 at 13–14). Assistant U.S. Attorneys simply represent the United States in federal court, *see* 28 U.S.C. §§ 515, 542, 547, and as such, it is not their personal interests or injury (or the victim's) that matter to the government's standing in a criminal case. On the contrary, it is the United States' interest—the people's injury at large—that supports criminal standing. But that just begs a most interesting question: after all, why *does* the United States have standing to bring a criminal action when the same generalized interest in enforcing the law does not support standing for private parties, *see, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 575 (1992)?

As it turns out, Rice has touched on a well-known (seemingly apparent) tension between criminal prosecution and standing doctrine. Indeed, legal academics attacking that doctrine have actually posed the exact same question about criminal standing as that raised by Rice. *See, e.g.*, Edward A. Hartnett, *The Standing of the United States: How Criminal Prosecutions Show That Standing Doctrine Is Looking for Answers in All the Wrong Places*, 97 Mich. L. Rev. 2239, 2246 (1999) ("What is the 'concrete and particularized' injury in fact suffered by the United States that gives it standing to bring a criminal prosecution?"). Unlike Rice, however, these scholars mean not to question the United States' standing in criminal

cases, but to rely on that standing to disprove Rice's assumption: precisely *because* the government unquestionably has criminal standing, they say, particularized injury cannot possibly be required by Article III. Since criminal actions only involve the public's generalized interest in enforcing the law, the argument goes, individualized injury must not be constitutionally required to create a "case or controversy." *Id.* at 2246–51.

This attack on standing doctrine and Rice's challenge to his sentencing court's jurisdiction both fail for the same reason: the constitutional requirements of standing are "party-specific." Ann Woolhandler & Caleb Nelson, *Does History Defeat Standing Doctrine?*, 102 Mich. L. Rev. 689, 695 (2004). While individualized injury is necessary for private plaintiffs to have standing in private litigation, "diffuse injuries to the general public" are enough to create standing between the public (the government) and criminal defendants. *Id.*; *see also* Thomas R. Lee, *The Standing of Qui Tam Relators Under the False Claims Act*, 57 U. Chi. L. Rev. 543, 570 (1990) ("The government enjoys . . . a special constitutional status as plaintiff—it sues, for example, to enforce the criminal laws, and it need not show a particularized injury as a predicate to sue."). The Supreme Court put the point quite clearly over a century ago, disavowing that the government needed a concrete interest to establish its standing to sue on behalf of the public:

> Every government, [e]ntrusted by the very terms of its being with powers and duties to be exercised and discharged for the general welfare, has a right to apply to its own courts for any proper assistance in the exercise of the one and the discharge of the other, *and it is no sufficient answer to its appeal to one of those courts that it has no pecuniary interest in the matter*. The obligations which it is under to promote the interest of all and to prevent the wrongdoing of one, resulting in injury to the general welfare, is often of itself sufficient to give it a standing in court.

4

*In re Debs*, 158 U.S. 564, 584 (1895) (emphasis added) *disapproved of on other grounds by Bloom v. State of Ill.*, 391 U.S. 194, 195–96 (1968); *see also Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 601 (1982) (recognizing the sovereign's interest in "creat[ing] and enforce[ing] a legal code, both civil and criminal"). It thus made perfect sense for Chief Justice John Marshall in *Cohens v. Virginia* to refer to an action by a state to enforce its penal laws as a "case." 19 U.S. (6 Wheat.) 264, 399 (1821); *see also* John Harrison, *The Power of Congress to Limit the Jurisdiction of Federal Courts and the Text of Article III*, 64 U. Chi. L. Rev. 203, 210 (1997) ("Cases include all legal actions, criminal and civil, while controversies include only civil proceedings."). The key to understanding standing doctrine thus lies in the oft-forgotten distinction between public and private rights.

So while there is no doubt whatsoever that the United States had standing to pursue a criminal action against Rice—and therefore, that the district court had jurisdiction in his case—that universally accepted conclusion is hardly inconsistent with the constitutional requirement of a concrete, individualized interest in *private* litigation. Standing is no more than the litigable interest necessary to create a case, and when it comes to the government, wrongs to the public at large—generalized grievances—will do. And that makes perfect sense, since the government represents us all. It is thus entirely natural that the United States, but no one individually, can vindicate the people's general interest in respect for the law. *Cf.* Lillian BeVier & John Harrison, *The State Action Principle and Its Critics*, 96 Va. L. Rev. 1767, 1785 (2010) ("[P]rivate individuals are principals, entitled to act to pursue their own interests, whereas government decisionmakers are agents, whose function is to further the interests of the citizens."). The Court will therefore deny Rice's § 2241 petition not only because he should have brought his constitutional challenge under § 2255, but also

because his argument against the United States' criminal standing (and the district court's jurisdiction) fails. For both reasons, it is clear that Rice is not entitled to habeas relief. Accordingly, it is **ORDERED** that:

(1) Rice's motion for judicial notice, R. 2, is **DENIED**. To the extent Rice also requests oral argument on his § 2241 petition in that motion, his request is also **DENIED**.

(2) Rice's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, R. 1, is **DENIED**. This matter is **STRICKEN** from the Court's active docket.

(3) The Court will enter an appropriate judgment contemporaneously with this order.

This the 30th day of May, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge